Penningtokt, J.
This was an action on the case, brought by Maul against Boon. The first, and principal *429 objection to the proceedings below, is, that the state of demand does not contain a canse of action. This sets out that the defendant, under pretense that [*] the plaintiff’s vessel had run foul of the vessel of the defendant in Cohansey, Hew Jersey, maliciously, and with a view to harrass the plaintiff, and run him to expense, took out an attachment from the Court of Common Pleas for the county of Philadelphia, against the vessel of the plaintiff, in consequence of which, the said vessel of the plaintiff was detained for six days; and the plaintiff avers, that the said Court of Common Pleas had no jurisdiction of the cause, by reason of which, the proceedings under the attachment were declared void, to his damage, &c., and the jury find this to be true, and assess damages accordingly.
The counsel for the defendant below, the plaintiff in this court, now insist that the declaration is defective, inasmuch as it does not contain an averment that the defendant knew that the common pleas of Philadelphia had not jurisdiction of the cause. In the case of Goslin v. Wilcock, 2 Wil. 302, which case very much resembles the present in point of principle, this averment was hot considered essential. It appears to me, that if a man maliciously makes use of the process of law, with an intention to vex and distress another, that he does it at his peril; he must see to the legality of the proceedings. 'What is the case under consideration? [632] Both Boon and Maul were owners and commanders of vessels belonging to Bridgetown, in Hew Jersey. Boon says that Maul’s vessel run foul of his in Cohansey River, by the careless and unskillful management of Maul, and did him damage. If this was so his remedy was a plain one. He could have prosecuted Maul for this injury; and a reasonable man would have done this at home. But instead of this, he lays by for near a year, watches his opportunity, when the vessel of Maul was at Philadelphia, and attaches the vessel, takes her out of Maul’s possession, *430 and interrupts his business, and all this without the shadow of law to justify it. Under the authority of the above case, in Wilson, I think this action is well brought. Hob. 205, 266 ; and 1 Vent 369, also go to strengthen this opinion.
Elmer, for plaintiff.
Orane, for defendant.
[*] Another objection to the proceedings below, is, that the justice admitted improper testimony ; that is, he admitted testimony to prove the actual taking possession of the vessel under the attachmemt, and the circumstances attending it. It is impossible to raise a doubt on this point. The justice was perfectly correct.
A third objection is, that the justice refused to admit testimony to prove that Boon had a cause of action on which he founded his attachment. This was no part of the issue. If he had a cause of action, he also had a legal remedy, and should have pursued it. The above case in Wilson, is decisive on this point. In that case, it was admitted that .the defendant had a cause of action. I am, therefore, of opinion, that this judgment be affirmed.
The other judges were for the affirmance.
Judgment affirmed.
Cited in Bitz v. Meyer, 11 Vr. 254.